Cepeda v City of New York (2022 NY Slip Op 07181)

Cepeda v City of New York

2022 NY Slip Op 07181

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ. 

Index No. 401990/01, 155319/16, 157780/12, 155263/16 , 152098/16 Appeal No. 16942 Case No. 2021-00112, 2021-00113 , 2021-00114, 2021-00115, 2021-00116 

[*1]Dimas Cepeda, et al., Plaintiffs-Respondents,
v
City of New York, et al., Defendants-Appellants.
Gary Merinstein, Plaintiff-Respondent,
v
New York City Transit Authority, et. al., Defendants-Appellants.
Michelle Morang, Plaintiff-Respondent,
v
New York City Transit Authority, Defendant-Appellant.
Renee Pollack, Plaintiff-Respondent,
v
New York City Transit Authority, et al., Defendants-Appellants.
Sharon McLennon-Wier, Plaintiff-Respondent,
v
New York City Transit Authority, Defendant-Appellant.

Landman Corsi Ballaine & Ford P.C., New York (Andrew P. Keaveney of counsel), for appellants.
Parker Waichman LLP, Port Washington (Jay L.T. Breakstone of counsel), for respondents.

Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered on or about December 23, 2020, which, to the extent appealed from, denied defendants' motion to preclude plaintiffs from using at trial certain statements of the former president of defendant New York City Transit Authority (NYCTA) made at an August 21, 2018 town hall meeting or to enjoin counsel for plaintiffs, Roth and Roth, LLP and its employees, from asking questions of NYCTA officials at any public hearing or appearance without first submitting the proposed questions to defense counsel in advance of the public hearing and disclosing their identity at the hearing, and granted plaintiffs' motion for costs and sanctions pursuant to 22NYCRR 130-1.1 in the amount of 50% of plaintiffs' legal fees paid prior to May 1, 2020, unanimously modified, on the law and facts, to deny plaintiffs' motion for costs and sanctions, and otherwise affirmed, without costs.
The court properly denied defendants' motion to preclude, because there was no finding that plaintiffs' counsel engaged in any misconduct when he questioned NYCTA's then president at a public town hall meeting concerning the possibility of a future installation of a platform edge system in the subway to prevent accidents. Although Rules of Professional Conduct (22 NYCRR 1200.0) rule 4.2(a) prohibits an attorney, in representing a client, from communicating "about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law," here, plaintiffs' counsel asked a question at a public meeting that did not concern the subject of the representation. Plaintiffs' counsel's question was about a matter of public concern, a subject "at the heart of the First Amendment's protection" (see Dun & Bradstreet, Inc. v Greenmoss Builders, Inc., 472 US 749, 758 [1985] [internal quotation marks omitted]). Moreover, the alternative relief requested amounted to an improper prior restraint on speech, which has been viewed as "the most serious and least tolerable infringement on First Amendment rights" (see Nebraska Press Assn. v Stuart, 427 US 539, 559 [1976]).
However, the award of costs and sanctions was unwarranted under 22 NYCRR 130-1.1(c)in that, as the court noted, defendants' motion was for the most part "arguable" and no pattern of abusive, dilatory, or contumacious conduct by defendants was shown (see Levy v Carol Mgt. Corp., 260 AD2d 27, 33 [1st Dept 1999]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022